UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN DOE and JANE DOE,

    Plaintiffs,

v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES, et al.,

    Defendants.

No. 20 CV 7263

Judge Manish S. Shah

**ORDER**

Defendants' motion to dismiss [15] is granted. Plaintiffs have not exhausted administrative remedies and due process does not require judicial review now because their lawful status has not changed and process, including judicial review, remains available. The complaint is dismissed without prejudice for failure to state a claim based on failure to exhaust. Enter judgment and terminate civil case.

**STATEMENT**

The plaintiffs are Iraqi citizens and spouses and have permission to be in the United States through nonimmigrant visas. [3] ¶¶ 1–3.[*] One of them applied for asylum, withholding of removal, and protection under the Convention Against Torture and requested derivative beneficiary status for the other. [3] ¶ 4. After they received a notice of intent to deny the application, the plaintiffs continued to pursue their claim, but the Director of the Chicago Asylum Office of U.S. Citizenship and Immigration Services denied the application in a "final decision." [3] ¶¶ 7–9. The

---

[*] Bracketed numbers refer to entries on the district court docket and referenced page numbers are taken from the CM/ECF header placed at the top of filings. The plaintiffs originally filed suit in the district court for the District of Columbia and that court granted them permission to use the pseudonyms John and Jane Doe. [2]. The plaintiffs have apparently waived this anonymity by attaching as public filings documents that reveal their names. [19-1], [19-2], [19-3]. If the plaintiffs continue to litigate this case, either through post-judgment motion or appeal, they must explain why they should be allowed to proceed anonymously. *See Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). Before they made their public filings, the plaintiffs alleged a reasonable fear of violent reprisals against family if their identities were public. *See* [2] at 5–6. Their names are not relevant here, so I omit them from this order.

denial did not change the plaintiffs' lawful nonimmigrant status, revoke their visas, or put them into removal proceedings. *See* [19] at 13; [20] at 2; 8 C.F.R. §§ 208.14(c)(1)–(2), 1208.14(c)(1)–(2) (denial of asylum application of alien in valid status results in denial, whereas denial of application of inadmissible or deportable aliens results in referral to immigration judge for adjudication in removal proceedings).

The plaintiffs filed this lawsuit to seek judicial review of the asylum denial. They claim that the denial was arbitrary and capricious in violation of the Administrative Procedure Act and violated due process. [3] at 5–6; 5 U.S.C. § 706(2)(A). The government moves to dismiss the complaint for failure to exhaust administrative remedies. *See* 5 U.S.C. § 704. This court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the claims arise under the Constitution and laws of the United States. *See Dhakal v. Sessions*, 895 F.3d 532, 538 (7th Cir. 2018) (general federal question jurisdiction exists over claim that immigration officials improperly denied asylum application).

Judicial review under the Administrative Procedure Act is only available after final agency action. *Dhakal*, 895 F.3d at 539. Here, the plaintiffs received a final decision from the Director of the Chicago Asylum Office, and they argue that no more agency process is available to them to dispute that decision. The plaintiffs sought asylum before they were subject to removal. As a result, an immigration judge has no jurisdiction to review their claim. 8 C.F.R. § 208.2(a)–(b). But that does not mean that the Director's decision is final under the APA. The executive branch still has an opportunity to revisit the decision. If the government initiates removal proceedings against them, the plaintiffs can present their arguments and evidence for asylum to an immigration judge; they can appeal the immigration judge's decision to the Board of Immigration Appeals; they can try to reopen the proceedings and seek reconsideration of adverse decisions. *Dhakal*, 895 F.3d at 537. Judicial review is available in the court of appeals from the decision of the Board of Immigration Appeals. *Id.*; 8 U.S.C. § 1252(a)(4)–(5). With this "intended, complete administrative process" still available, "[t]he Director's decision is more like a tentative recommendation than a final and binding determination." *Dhakal*, 895 F.3d at 540 (cleaned up). No legal consequences flow from the Director's denial because the plaintiffs remain in lawful status; they are subject to uncertainty and worry but they have not yet been finally denied asylum. *Id.* They still have a chance to marshal evidence and persuade the executive branch to grant them asylum. *Id.* at 540–541.

Although *Dhakal* dealt with an asylum applicant who had lawful status under the Department of Homeland Security's Temporary Protected Status program, and the plaintiffs here have nonimmigrant status under J-1 and J-2 visas, the distinction is immaterial. As in *Dhakal*, the Director denied plaintiffs' asylum claim but did not change their lawful nonimmigrant status. The status quo has not changed, and they can still seek asylum through administrative process. *Dhakal* controls and the

2

plaintiffs have offered no argument otherwise (they don't even cite *Dhakal* notwithstanding the government's reliance on it in its motion to dismiss). *See also Kashani v. Nelson*, 793 F.2d 818, 827 (7th Cir. 1986) (asylum applicants may not seek district court review of the Director's denial but must renew the asylum petition in removal proceedings).

The plaintiffs' due-process claim fails for essentially the same reason. They allege that they have no meaningful opportunity to challenge the Director's denial of their application, [3] ¶ 36, but as discussed above, the opportunity exists as a matter of law as a defense to removal. The Director's action has not changed the plaintiffs' status and they still have procedural avenues, including judicial review, to pursue asylum. The Constitution does not require judicial intervention now. *See Portillo-Rendon v. Holder*, 662 F.3d 815, 817 (7th Cir. 2011) (statutes and regulations provide opportunities for relief in response to improper handling of immigration cases); *see also Noeller v. Wojdylo*, 922 F.3d 797, 809 (7th Cir. 2019) (noting the available opportunities to challenge the Board's denials of asylum); *see also Garcia v. Sessions*, 873 F.3d 553, 556 (7th Cir. 2017) (asylum is discretionary and there is no due process right to asylum).

The plaintiffs understandably would like to know whether they can have asylum in the United States and don't want to have to be put through the stress and challenges of removal proceedings to find out. But neither the Administrative Procedure Act nor the Constitution entitles them to a judicial hearing now. The complaint is dismissed without prejudice.

ENTER:

Manish S. Shah
United States District Judge

Date: April 12, 2021